**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RONALD D. MANDEVILLE #833528** | § | |
| | § | |
| **V.** | § | **A-13-CA-017-LY** |
| | § | |
| **STATE OF TEXAS, RICK PERRY,** | § | |
| **OLIVER J. BELL, BRAD LIVINGSTON,** | § | |
| **RICK THALER, RISSIE OWENS,** | § | |
| **and STUART JENKINS** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Stevenson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff sues the State of Texas, Governor Rick Perry, Chairman of the Board of Criminal Justice Oliver J. Bell, Executive Director of TDCJ Brad Livingston, Director of TDCJ-CID Rick Thaler, Chairperson of the Board of Pardons and Paroles Rissie Owens, and Director of TDCJ - Paroles Division Stuart Jenkins.  Plaintiff accuses the defendants of holding him in prison past his discharge

date.  He contends his good time credits should be deducted from his sentence.  He seeks his immediate release and damages in the amount of $1,280,000.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, the individually named Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.   Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The State of Texas is also immune from suit.  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states.  Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or

state employees in their official capacity because such an indirect pleading remains in essence a

claim upon the state treasury.  <u>Green v. State Bar of Texas</u>, 27 F.3d 1083,1087 (5th Cir. 1994).

     C.     <u>Heck v. Humphrey</u>

     Insofar as Plaintiff is seeking monetary damages against Defendants in their individual

capacities for his alleged illegal confinement, Plaintiff's claims must be dismissed pursuant to <u>Heck</u>

<u>v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of <u>Heck</u> to state

prisoner § 1983 lawsuits in <u>Boyd v. Biggers</u>, 31 F.3d 279 (5th Cir. 1994).  In <u>Heck</u>, the Supreme

Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated,

or called into question by a federal court's issuance of writ of habeas corpus.  Plaintiff's recitation

of the procedural history in this case indicates just the opposite.  Accordingly, Plaintiff's claims for

monetary damages regarding his alleged illegal confinement should be dismissed without prejudice

to refile once the conditions of <u>Heck</u> are met.

     D.     <u>Habeas Claims</u>

     To the extent Plaintiff seeks his immediate release, he must seek such relief in an application

for habeas corpus relief after he has exhausted his state court remedies.  The Court should decline

to construe this action as a request for habeas corpus relief, because the Court would be without

jurisdiction to consider it.  Plaintiff has already filed several applications for habeas corpus relief in

the Dallas Division of the Northern District of Texas.  In fact, Plaintiff raised there the same claims

he raises here.  As explained by the Dallas court, Plaintiff must obtain an order from the Fifth Circuit

giving him authorization to file a successive habeas application before the court can  consider his

claims.  <u>Mandeville v. Thaler</u>, No. 3:11-CV-412-G (N.D. Tex.).

RECOMMENDATION

Plaintiff's complaint is frivolous pursuant to 28 U.S.C. § 1915(e). It is therefore

recommended that Plaintiff's claims for monetary damages against the State of Texas and the

defendants in their official capacities be dismissed without prejudice for want of jurisdiction,

Plaintiff's claims for monetary damages against the defendants in their individual capacities be

dismissed without prejudice to refile once the conditions of <u>Heck</u> are met, and Plaintiff's claims

seeking his immediate release be dismissed without prejudice for want of jurisdiction.

It is further recommended that the Court include within its judgment a provision expressly

and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff

from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some

combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which

accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order

of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate

while the inmate was in the custody of the Department or confined in county jail awaiting transfer

4

to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of March, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE